Mr. Oscar Stilley Attorney at Law Central Mall Plaza, Suite 516 5111 Rogers Avenue Fort Smith, Arkansas 72903
Dear Mr. Stilley:
This is in response to your request, pursuant to A.C.A. §7-9-107, for certification of the following proposed popular name and ballot title:
(Popular Name)
EDUCATION VOUCHER AMENDMENT
(Ballot Title)
 AN AMENDMENT TO THE CONSTITUTION OF THE STATE OF ARKANSAS PROVIDING THAT PARENTS HAVE THE RIGHT TO SELECT ANY EDUCATIONAL PROVIDER THAT THEY CHOOSE; PROVIDING THAT THE STATE GOVERNMENT SHALL BE REQUIRED TO PAY AT LEAST PART OF THE COST OF EDUCATING YOUTH IN GRADES 1-12; PROVIDING THAT PAYMENT SHALL BE CONTINGENT ON PROOF OF SATISFACTORY ACADEMIC PROGRESS; PROVIDING THAT PAYMENT SHALL BE 30% OF AVERAGE STATE PER PUPIL EXPENDITURES FOR THE YEAR ENDING MAY 1996, 50% FOR THE YEAR ENDING MAY 1997, 70% FOR THE YEAR ENDING MAY 1998, AND 75% FOR THE YEAR ENDING MAY 1999 AND THEREAFTER; PROVIDING THAT ALL STUDENTS MAY RIDE PUBLIC SCHOOL BUSES UNLESS THEY CAUSE UNNECESSARY INCONVENIENCE TO THE PUBLIC SCHOOLS; PROVIDING THAT PRIVATE SCHOOLS SHALL BE FREE FROM GOVERNMENT REGULATION EXCEPT FOR MINIMALLY RESTRICTIVE LAWS OF GENERAL APPLICATION NARROWLY TAILORED TO ADVANCE COMPELLING GOVERNMENTAL INTERESTS; PROVIDING THAT UP TO 75% OF LOCAL FUNDS MAY BE DISTRIBUTED TO PRIVATE EDUCATIONAL PROVIDERS, ON SUCH TERMS AS MAY BE APPROVED BY MAJORITY VOTE ON PETITION OF 5% OF THE VOTERS OF THAT SCHOOL DISTRICT; PROVIDING THAT LOCAL FUNDS MAY BE MADE CONTINGENT ON DEMONSTRATION OF COMPETENCY OR PARTICIPATION IN OTHER ACTIVITIES SUCH AS SPORTS, VOCATIONAL EDUCATION, DRIVER EDUCATION, ETC; PROVIDING THAT LOCAL VOTERS MAY CREATE AND EMPOWER A POPULARLY ELECTED LOCAL BOARD FOR THE PURPOSE OF REGULATING THE ADMINISTERING LOCAL FUNDING; PROVIDING THAT THE LOCAL PETITION SHALL MAKE PROVISIONS REGARDING THE POWERS AND DUTIES OF THE LOCAL BOARD, THE NUMBER OF BOARD MEMBERS, REQUIREMENTS FOR MODIFICATION OF THE LOCAL OPTION INITIATIVE, AND OTHER PARTICULARS THAT THE SPONSORS THEREOF DEEM APPROPRIATE.
The Attorney General is required pursuant to Section 7-9-107 to approve and certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, or if the proposed popular name and ballot title are sufficiently misleading, the entire petition may be rejected.
Section 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment, its constitutionality, or the likelihood that it will accomplish its stated objective. Consequently, this review has been limited to determining whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed amendment.
The purpose of my review and certification is to insure that the popular name and ballot title honestly, intelligently, and fairly set forth the purpose of the proposed amendment. See ArkansasWomen's Political Caucus v. Riviere, 282 Ark. 463, 466,677 S.W.2d 846 (1984). The popular name is primarily a useful legislative device. Pafford v. Hall, 217 Ark. 734,233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions which might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v. Bryant, 259 Ark. 294, 532 S.W.2d 741
(1976); Moore v. Hall, 229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining its sufficiency. Id.
A ballot title must include an impartial summary of the proposed amendment which will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416, 417,316 S.W.2d 185 (1958); Becker v. Riviere, 270 Ark. 219, 223, 226,604 S.W.2d 555 (1980). It has been stated that the ballot title must contain any information that would "give the elector `serious ground for reflection'". Finn v. McCuen, 303 Ark. 418,798 S.W.2d 34 (1990), citing Gaines v. McCuen, 296 Ark. 513,758 S.W.2d 403 (1988). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v.McCuen, 303 Ark. 482, 798 S.W.2d 71 (1990) citing Leigh v.Hall, 232 Ark. 558, 339 S.W.2d 104 (1960).
Applying these precepts, it is my conclusion that a more suitable, complete, and correct popular name and ballot title should be substituted for those proposed. The following is hereby certified in order to insure that, when construed together, the popular name and ballot title accurately set forth the purpose of the act being referred:
(Popular Name)
PUBLIC FUNDING OF PRIVATE EDUCATION AMENDMENT
(Ballot Title)
 AN AMENDMENT TO THE ARKANSAS CONSTITUTION TO PROVIDE THAT PARENTS OR LEGAL GUARDIANS MAY SELECT ANY EDUCATIONAL PROVIDER THEY CHOOSE; REQUIRING THE STATE TO PAY CASH PAYMENTS TO PRIVATE SCHOOL PROVIDERS, PER STUDENT IN GRADES 1-12, IN THE FOLLOWING PERCENTAGES: FOR THE SCHOOL YEAR ENDING MAY, 1996, 30% OF AVERAGE ANNUAL PER PUPIL STATE EXPENDITURES, FOR THE SCHOOL YEAR ENDING MAY, 1997, 50% OF SUCH EXPENDITURES, FOR THE SCHOOL YEAR ENDING MAY, 1998, 70% OF SUCH EXPENDITURES, FOR THE SCHOOL YEARS ENDING MAY, 1999, AND THEREAFTER, NO LESS THAN 75% OF AVERAGE ANNUAL PER PUPIL EXPENDITURES; REQUIRING THE STATE TO CONDITION SUCH PAYMENTS UPON PROOF OF SATISFACTORY ACADEMIC PERFORMANCE ONLY, AS EVIDENCED BY ANNUAL TESTING; DECLARING FAILURE TO PAY WITHIN A REASONABLE TIME AFTER SUCH PROOF AN ILLEGAL EXACTION; PROHIBITING THE STATE OR POLITICAL SUBDIVISIONS FROM ENFORCING ANY LAWS OR REGULATIONS AGAINST PRIVATE EDUCATIONAL PROVIDERS, EXCEPT THOSE OF GENERAL APPLICATION NARROWLY TAILORED AND NECESSARY TO ADVANCE A COMPELLING GOVERNMENTAL INTEREST WHERE NO LESS RESTRICTIVE ALTERNATIVE IS AVAILABLE; PROHIBITING THE STATE FROM MAKING INQUIRY INTO THE RACE, RELIGION, NATURAL ORIGIN OR ALIENAGE OF ANY STUDENT OR EDUCATOR UNLESS REQUIRED BY LAW SUPERIOR TO THE ARKANSAS CONSTITUTION; AUTHORIZING THE VOTERS OF A LOCAL SCHOOL DISTRICT TO APPROVE, BY INITIATIVE, THE DISTRIBUTION OF UP TO 75% OF LOCAL EDUCATIONAL MONIES IN THE SAME OR SIMILAR FASHION AS STATE MONIES UNDER THIS AMENDMENT; AUTHORIZING THE VOTERS OF A SCHOOL DISTRICT TO CONDITION RECEIPT OF THE FUNDS IN WHOLE OR IN PART UPON PARTICIPATION IN OR COMPETENCY IN SUBJECTS NOT STRICTLY ACADEMIC, SUCH AS VOCATIONAL, MUSICAL, ATHLETIC, PHYSICAL, OR MECHANICAL SKILLS, DRIVER EDUCATION, PRIVATE PILOT LICENSING, SAFETY OR HEALTH EDUCATION, APPRENTICESHIPS, WORK EXPERIENCE OR CLEP CREDITS; AUTHORIZING THE VOTERS OF A SCHOOL DISTRICT TO CREATE A LOCAL BOARD, TO BE ELECTED IN THE SAME MANNER AS SCHOOL BOARD MEMBERS, UNLESS OTHERWISE PROVIDED BY THE PETITION, TO MAKE AND ADMINISTER RULES CONCERNING THE ACTIVITIES OF STUDENTS SET OUT ABOVE, AND TO PERFORM SUCH DUTIES AS IS PROVIDED BY THE PETITION OF THE VOTERS; PROVIDING THAT PUBLIC SCHOOL TRANSPORTATION SHALL BE MADE AVAILABLE TO ALL STUDENTS, WITH ALLOWANCE MADE FROM THE STATE MONIES ACCORDED PRIVATE SCHOOLS TO REFLECT THE COST OF PROVIDING THIS SERVICE; PROVIDING, HOWEVER, THAT NO SCHOOL BUS SHALL BE REQUIRED TO MAKE A SUBSTANTIAL DETOUR FROM ITS REGULAR ROUTE OR TO TRANSPORT STUDENTS WHO REFUSE TO OBEY DISCIPLINARY RULES; REQUIRING THE LEGISLATURE AND STATE AND LOCAL RULE MAKING BODIES TO MAKE NECESSARY LAWS AND RULES TO ENFORCE THIS AMENDMENT; REPEALING ALL CONTRARY LAWS AND CONSTITUTIONAL PROVISIONS; MAKING THE AMENDMENT SELF-EXECUTING AND EFFECTIVE UPON PASSAGE, AND FOR OTHER PURPOSES.
Pursuant to A.C.A. 7-9-108(c), instructions to canvassers and signers are enclosed herewith.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
Enclosure